Earl, J.
A full and accurate statement of the facts of this case is not easy to make. I will, however, make a brief statement, sufficiently accurate and full for the present purpose. Sigmund Hofeller died at Buffalo, intestate, in January, 1875, leaving a widow, Schanette, and two children, Eli and Lily, both infants. Lehman Hofeller and the widow were appointed administrators, and Abraham and Japob Altman became sureties on. their administration bond. The estate left by the intestate was about $21,000, which was soon converted into cásh, and about $15,000 of it was loaned to Abraham Altman, with no security but his individual notes, and he became insolvent in August, 1881, without having paid the notes. Lehpian Hofeller became insolvent about the same time, and he died in December, 1886. Lily Hofeller died in 1877, and, thereafter, the estate of the intestate belonged equally to his wid.ow and his son Eli. The.widow married Gabriel Wile in January, 1880, and, in September, 1881, he was appointed guardian of Eli, and administrator of Lily’s estate, and gave the' requisite bonds in both capacities, with sureties. In February, 1888, Eli became of age. Jacob Altman died in November, 1881, and his administrators bring this action, and they have made parties defendant all the persons' in any way interested in the estate of Sigmund Hofeller, to wit: the surviving administratrix, the executors of the deceased administrator, Eli Hofeller and his guardian, and the administrator of Lily Hofeller’s estate. The plaintiffs allege, among many other things, that the defendants are, by collusive proceedings and accountings in the surrogate’s court, and by other manipulation of the assets of Sigmund Hofeller’s estate, trying 'to make the estate of Jacob Altman, deceased, by reason of his signature to the bond of the administrators of Sigmund Hofeller’s estate, responsible, substantially, for the whole estate which came to the hands of such administrators; and, that the real responsibility of Jacob Altman’s estate could be ascertained, they prayed, among other things, for relief in this action, that the administrators of Sigmur\d Hofeller’s estate, and that Gabriel Wile, as guardian of Eli Ho-feller, and as administrator of Lily Hofeller, should render their accounts, and that such accounts should be settled and adjusted. An interlocutory judgment was entered in the action, directing *325 the accounting, and then a referee was appointed to take the accounts. The matter was brought to a hearing before the referee, and he made Iris report, in which he found, among other tilings, that Mrs. Wile, as administratrix, became responsible for the whole estate left by Sigmund Hofeller, and that she is accountable, as such, for $36,241.84; that she is entitled to credit against that amount for the sum of $34,869.94, paid to and received by Gabriel Wile, as general guardian of Eli Hofeller; that Mr. Wile, as such general guardian, is chargeable with the latter snin, against which lie is entitled to credit for the sum of $1,051.21, paid and expended for his ward, leaving a balance in Ids hands of $33,818.73 ; that of this amount there is due Eli, to be paid to him by his guardian, the sum of $18,120.21. Judgment was entered upon the report, settling the accounts as therein stated, and discharging and releasing the plaintiffs, as administrators of the estate of Jacob Altman, from all liability by reason of the administration bond. This conclusion was reached because Mrs. Wile, being responsible for the whole estate, and any devastavit thereof, could not enforce the administration bond against her own sureties for her own benefit; and, as to Eli Hofeller, because his guardian had received his share of the estate; and had become responsible therefor. From this judgment Eli, Gabriel, and Mrs. Wile appealed to the general term, and there the judgment was affirmed as to Mr. and Mrs. Wile, and reversed as to Eli, and a new trial ordered. The order of- reversal contains the following provision: “But that the settlement of the accounts ofSchanette Wile and Lehman Hofeller, as administratrix and administrator of Sigmund Hofeller, deceased, by the referee in this action, and the j'udgment therein, shall be of no force and effect, as against said Eli Hofeller, in the further proceedings in this action.” The general term seemed to reach the conclusion that the judgment was wrong as to Eli, because it discharged Mrs. Wile from responsibility for the estate of her intestate so far as, by her action or permission, that estate liad come to the hands of Gabriel as guardian of Eli, and thus confined Eli, for his share of the estate, to his remedy against his general guardian and the sureties upon his bond. So far as we are informed by this record, the case has not been retried as to Eli, and the appeal to this court is by Mr. and Mrs. Wile alone.
We are not concerned now with the rights or interests of Eli, and the attitude he may occupy upon the new trial, and his relation to the judgment which stands against the other two defendants. Ho one is here complaining of the judgment for him, and we are simply to determine whether there is anything in the judgment of which these appellants can complain. The defendants have no fight between themselves. The judgment grants no relief as between them, and they do not complain that any error has been committed or injustice done, as between themselves. They make common cause against the plaintiffs, and, upon the appeals to the general term and to this court, the plaintiffs are the sole respondents. Upon the argument in this court, no complaint was made of any error in the judgment affecting Mrs. *326 Wile. The sole complaint was made on behalf of Gabriel Wile, and for him it was objected that he had, in the accounting, been •improperly charged with several items. We have carefully examined the record, and find sufficient evidence to sustain all the items thus objected tq but one, and that is an item of $3,320, interest, thereon, amounting to $1,659 90, making together the sum of $4,979.90. The learned counsel for the appellants claims that there was no evidence to charge Gabriel,'as guardian, with this item. The history of the item is as follows: In September, 1881, Lehman Hofeller, having become insolvent, executed a mortgage upon certain real estate for $3,320, to Isaac A. Wile, as guardian for certain minor children of Lehman ; and, at the same time, he executed a mortgage upon the same real estate for $15,-220 to Mrs. Wile, as administratrix, to secure the payment of the notes of Abraham Altman' hereinbefore mentioned; By the terms of this mortgage it was expressly made subject and secondary to the prior mortgage. The real estate mortgaged was worth about $6,500. Subsequently a judgment creditor of Lehman Hofeller commenced an action, among other things, to set aside the first mortgage, on the ground that it was fraudulent and void as to the creditors of Lehman Hofeller, and in that action it was found that it was without any consideration, legal or equitable, to Uphold it, ■as against the judgment creditor, and that it was void and invalid against its judgment. But it was found that the second mortgage was founded upon a good consideration, and was valid. The evidence shows that Mrs. Wile attempted to get a first mortgage upon the real estate, but that Lehman refused to give it, and would only give the second mortgage. The court, in the cred-' itors’ action, by its judgment, declared that the creditors should be subrogated to the rights of the first mortgagee. After the decision of that action, l\ut before the entry of the judgment therein, it appears that the claims of the judgment creditor were, with the consent of Mr. and Mrs. Wile, assigned to Wile, Brickner, and Wile, and thereupon the court, in its final judgment, ordered Isaac A.. Wile to assign the mortgage to them, to be enforced by them under the right of subrogation for their benefit. In pursuance of that judgment they foreclosed that mortgage and sold the real estate, and it is claimed that Gabriel, in some way, had the benefit of the amount due upon that mortgage, and that he should be charged with the amount of the same and the interest. Mrs. Wile, as the holder of the second mortgage, could not attack the first mortgage, as her mortgage was made expressly subject and secondary to it. The first mortgage was not void as to her, but was void as to the creditors of the mortgagor. They could assail it, and neither Mrs. Wile nor her husband-could defeat the right of such creditors to be subrogated to that mortgage. But Gabriel Wile was charged with the amount of that mortgage, and the in-terest due thereon, upon the theory that he and his wife'had, in the creditors’ action, voluntarily consented that the first mortgage, which had been declared void, should nevertheless be the -first lien, and have the preference over the second mortgage. But of this there is no adequate proof. The only evidence of such con *327 sent to which our attention has been called and which we are able to find in this record, is found in the decision made in the creditors’ action. There we find, in the findings of fact, as follows; “That the mortgage given to said defendant Schanette Wile, as administratrix, as expressed in the body of the mortgage, was given upon the understanding that the same should be a second and inferior lien to the said mortgage, given to the said Isaac A. Wile, as guardian as aforesaid, and in this litigation she recognizes that mortgage as a prior lien, and is willing it should stand, and be upheld as valid.” And, in the findings of law, as follows: “The said mortgage, given by the said Lehman Hofeller to the said Isaac A. Wile, as guardian as aforesaid, being without consideration, legal or equitable, to uphold the same, as against the plaintiffs’ judgments, is adjudged invalid and void as to the plaintiffs’ judgments, but as it is recognized as a superior lien to the said mortgage given to said Schanette Wile, as administratrix, etc., the plaintiffs are entitled to be subrogated to the lien of said mortgage given to the said Isaac A. Wile, as guardian, etc., as aforesaid, to the amount of said mortgage and interest.”
The language used in these findings does not show that the decision as to the first mortgage was based upon Mrs. Wile’s consent. She was bound to recognize that mortgage as a prior and superior lien, and, whether she was willing or unwilling, the judgment creditor was entitled to the subrogation. Her attitude towards the prior mortgage could make no difference, and no one can say, from the record alone, that it did make any difference. But, assuming that there was error in charging Mr. Wile with this item, the error was innocuous, and the relief granted to the plaintiff would necessarily have been the same if that item had not been charged to Mr. Wile. Deduct from the amount charged to him on the accounting this item of §1,979.90, and there will still remain a balance of $28,838.83,—larger by more than $10,000 than is needed to answer any claim of his ward; and thus it is clear that the plaintiffs were, with this item left oat, entitled to all the relief they obtained in this action, to wit: release, as between them and the appellants, from liability on the administration bond, and from actions by them based, thereon.
The judgment should, therefore, be affirmed, with costs against the appellants personally.
All concur.
Judgment affirmed.